FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   FEB 17 2012   ★

LONG ISLAND OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
TRIANDOS C. WALKER,

                      Petitioner,

      -against-

MICHAEL SPOSATO,

                      Respondent.
----------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
11-CV-576 (SJF)

I.    Introduction

On or about January 31, 2011, incarcerated pro se petitioner Triandos C. Walker ("petitioner" or "Walker") filed the instant petition seeking a writ of habeas corpus. [Docket Entry No. 1]. Before the Court is respondent's motion to dismiss pursuant to 28 U.S.C. § 2254(a) [Docket Entry No. 9], which petitioner has not opposed. For the reasons that follow, respondent's motion is granted.

On or about January 26, 2011, petitioner was indicted on one (1) count of arson in the third degree, in violation of Penal Law § 150.10. Affidavit of Jason R. Richards [Docket Entry No. 9] ("Richards Aff.") at ¶ 5. Petitioner filed the instant action several days later. As of May 2011, petitioner was incarcerated at the Nassau County Correctional Center, awaiting trial on the arson charge. Id. at ¶ 5.

In his motion to dismiss, respondent argues: (1) that petitioner is not in custody pursuant

1

to a state judgment of conviction; and (2) that petitioner has failed to exhaust his state court remedies.

II. Discussion

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is in custody pursuant to the judgment of a state court." Henry v. Davis, 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011); see 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). At the time he filed the instant petition, Walker was not in custody pursuant to the judgment of a state court. At that time, petitioner had not yet been convicted or sentenced, and, in fact, his case had not yet even proceeded to trial. Furthermore, there is nothing to suggest that petitioner has been convicted or sentenced in the intervening time. Accordingly, the Court lacks jurisdiction over the petition.[1]

Furthermore, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must

---

[1] There is no basis for considering the merits of the petition pursuant to 28 U.S.C. § 2241.

exhaust all of his state remedies."). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Cornell v. Kirkpatrick, 665 F.3d 369, 375 (2d Cir. 2011) (quoting Carvajal, 633 F.3d at 104). In order to exhaust his state remedies, petitioner must "'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).'" Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004)). This means that the "petitioner must 'present[] his [or her] claim to the highest court of the state.'" Galamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (quoting Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000). In this case, there is no evidence that petitioner has exhausted the remedies available to him in state court. This is a separate reason for dismissal.

The Court finds that the petition is premature, and it is therefore dismissed without prejudice. See, e.g., Johnson v. New York, No. 11-CV-2237, 2011 WL 1933726, at *1 (E.D.N.Y. May 18, 2011) (dismissing habeas petition when petitioner had not been convicted of the offense and had not exhausted his available state court remedies); Henry, 2011 WL 319935, at *1 (same); Haynes v. Fiorella, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (same); Williams v. Horn, No. 06-CV-3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) (same).

III. Conclusion

Respondent's motion to dismiss is granted, and the petition for a writ of habeas corpus is dismissed in its entirety without prejudice. The Clerk of Court is directed to close this case and to serve copies of this order upon all parties, including mailing a copy to the pro se petitioner at his last known address. See Fed. R. Civ. P. 77.

Pursuant to Rule 22(b) of the Federal Rule of Appellate Procedure and 28 U.S.C. § 2253, a certificate of appealability will not issue, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:  February 17, 2012
        Central Islip, New York

4